UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

FILED
JAMES J. VILT, JR. - CLERK
OCT 17 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

**ROBERT BLAINE**

FOURTH SUPERSEDING INDICTMENT

NO.   5:22-CR-00028-BJB
18 U.S.C. § 2
18 U.S.C. § 982
18 U.S.C. § 1956(a)(1)(A)(i)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(vi)
21 U.S.C. § 841(b)(1)(A)(viii)
21 U.S.C. § 846
21 U.S.C. § 853

The Grand Jury charges:

COUNT 1
(*Conspiracy to Possess with Intent to Distribute Controlled Substances*)

Beginning on or about May 20, 2020, and continuing to on or about January 22, 2022, in the

Western District of Kentucky, the District of Arizona, and elsewhere, the defendant, **ROBERT**

**BLAINE**, knowingly and intentionally conspired with R.T., J.O., and other persons, known and

unknown to the Grand Jury, to possess with intent to distribute and to distribute 50 grams or more of

methamphetamine and 400 grams or more of a mixture and substance containing a detectible amount

of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as Fentanyl, Schedule II

controlled substances, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi),

841(b)(1)(A)(viii), and 846.

NOTICE PURSUANT TO 21 U.S.C. § 851

The defendant, **ROBERT BLAINE**, has been previously convicted of the following serious

drug felony offenses, and the release of the term of imprisonment (for more than 12 months) was

within 15 years of the commencement of the offense listed in Count 1 of the Fourth Superseding

Indictment, specifically:

> On or about June 13, 2008, **ROBERT BLAINE**, was convicted of trafficking in marijuana, greater than 5 pounds, under case number 07-CR-00146, in Fulton Circuit Court, Fulton County, Kentucky, a serious drug felony.

> On or about January 6, 2009, **ROBERT BLAINE**, was convicted of first-degree trafficking in a controlled substance - cocaine, under case number 07-CR-00026, in Caldwell Circuit Court, Caldwell County, Kentucky, a serious drug felony.

> On or about August 27, 2009, **ROBERT BLAINE**, was convicted of first-degree trafficking in a controlled substance - cocaine, under case number 07-CR-00620, in Christian Circuit Court, Christian County, Kentucky, a serious drug felony.

> On or about October 14, 2014, **ROBERT BLAINE**, was convicted of three counts of manufacturing, distributing, or dispensing a controlled substance – cocaine, under case number WDKY 12-CR-00027, in the Western District of Kentucky, Paducah Division, each a serious drug felony.

The Grand Jury further charges:

COUNTS 2-8
(*Money Laundering*)

On or about and between November 10, 2020, and June 3, 2021, in the Western District of

Kentucky, Christian County, Kentucky, and elsewhere, the defendant, **ROBERT BLAINE** and J.O.,

aided and abetted by one another, did knowingly conduct financial transactions affecting interstate

and foreign commerce, to wit the defendant and J.O. transferred/received funds between Kentucky

and Arizona using wire transfers and the United States Postal Service to facilitate such transactions,

including on the dates and in the amounts listed in the chart below:

| COUNT | TRANSACTION DATE | TRANSACTION TYPE | AMOUNT |
|:-----:|:----------------:|:----------------:|:------:|
| 2 | 11/10/2020 | Wire transfer | $2500.00 |
| 3 | 11/15/2020 | Wire transfer | $2500.00 |
| 4 | 12/11/2020 | Wire transfer | $2500.00 |
| 5 | 12/16/2020 | Wire transfer | $2500.00 |

| 6 | 1/6/2021 | Wire transfer | $2500.00 |
| 7 | 1/27/2021 | Wire transfer | $2500.00 |
| 8 | 6/3/2021 | Parcel shipped via USPS | $36,900 |

which involved the proceeds of narcotics trafficking, with the intent to promote the carrying on of said illegal activity, to wit: conspiracy to possess with the intent to distribute and distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), 841(b)(1)(A)(viii), and 846, and that while conducting such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 2.

## NOTICE OF FORFEITURE

As a result of committing an offense in violation of Title 21, United States Code, Sections 841 and 846, as alleged in Count 1 of this Fourth Superseding Indictment, a felony punishable by imprisonment for more than one year, the defendant, **ROBERT BLAINE**, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of said offense, and any and all of the defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violation alleged in this Indictment.

As a result of committing the offenses alleged in Counts 2-8 of this Fourth Superseding Indictment, Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), the defendant, **ROBERT BLAINE**, if

convicted, shall forfeit to the United States of America any property, real or personal, involved in such offenses, and any property traceable to such property, including but not limited to the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of § 1956; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations, under 18 U.S.C. § 982(a)(1).

If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), pursuant to Title 18 United States Code, Section 982(a)(1).

A TRUE BILL.


FOREPERSON


MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:LAD

-4-

UNITED STATES OF AMERICA v. **ROBERT BLAINE**

## P E N A L T I E S

Count 1:    NL 10 yrs./NM Life/$10,000,000/both/NL 5 yrs./NM Life Supervised Release (each count)
          (NL 15 yrs./NM Life/$20,000,000/both/NL 10 yrs./NM Life Supervised Release (with notice of one prior conviction))
          (NL 25 yrs./NM Life//$20,000,000/both/NL 10 yrs./NM Life Supervised Release (with notice of two prior convictions))

Counts 2-9:  NM 20 yrs./NM Life/$500,000/both/NM 3 yrs Supervised Release

Forfeiture

## N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

|  | | Felony: | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | | $100 per count/individual |
|  | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule.  You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court.  18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1.    **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

        For offenses occurring after December 12, 1987:

        No **INTEREST** will accrue on fines under $2,500.00.

        **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing.  This rate changes monthly.  Interest accrues from the first business day following the two week period after the date a fine is imposed.

        **PENALTIES** of:

        10% of fine balance if payment more than 30 days late.

        15% of fine balance if payment more than 90 days late.

2.    Recordation of a **LIEN** shall have the same force and effect as a tax lien.

UNITED STATES OF AMERICA v. **ROBERT BLAINE**

## P E N A L T I E S

Count 1:   NL 10 yrs./NM Life/$10,000,000/both/NL 5 yrs./NM Life Supervised Release (each count)
             (NL 15 yrs./NM Life/$20,000,000/both/NL 10 yrs./NM Life Supervised Release (with notice of one prior conviction))
             (NL 25 yrs./NM Life//$20,000,000/both/NL 10 yrs./NM Life Supervised Release (with notice of two prior convictions))

Counts 2-8: NM 20 yrs./NM Life/$500,000/both/NM 3 yrs Supervised Release
Forfeiture

## N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

|  |  |  |  |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
|  | $125 per count/other |  | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1.    **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

        <u>For offenses occurring after December 12, 1987:</u>

        No **INTEREST** will accrue on fines under $2,500.00.

        **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

        **PENALTIES** of:

        10% of fine balance if payment more than 30 days late.

        15% of fine balance if payment more than 90 days late.

2.    Recordation of a **LIEN** shall have the same force and effect as a tax lien.