United States District Court
Western District of Kentucky
At Paducah

FILED
JAMES J. VILT, JR. - CLERK
MAR 18 2024
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

United States of America
Plaintiff

V.S.

Robert Dewayne Blaine
Defendant

Case no: 5-22-CR-000028-BJB

## Motion to Dismiss

Comes now, Robert D. Blaine pro se, pursuant to the Indian Gaming Regulatory Act 25 U.S.C. § 2701 et seq., respectfully petitions this court to dismiss alleged charges of conspiracy to possess with intent to distribute Methamphetamine and Fentanyl, due to lack of jurisdiction. In the case at bar, the district court lacks jurisdiction to adjudicate the criminal charges, given that the alleged offense occurred in an Indian casino, on tribal land in Arizona, which is outside a states courts territorial jurisdiction, and considered a "victimless" criminal offense by non-indian on Indian

pg 1

lands. (People v. Collins, 298 Mich. App 166, 826 N.W. 2d 175)(Mich. App 2012) (U.S. v. Antelope, 430 U.S. 641, 97 S. Ct. 1395). The United States Supreme court explained [N]ot all crimes committed w/ (Roy v. Martin, 326 U.S. 496, 66 S.Ct 307) (U.S. v. McBratney, 104 U.S. (21. 26 L.Ed. 869) (Draper v. U.S., 164 U.S. 240-243.247, 17) (State v. Stanton, 933 N.W 2d 244)(Iowa 2018) (United States v Langford 641, U.S. 826 N.W 2d 181.). The Duro Courts stated that (for) Indian country crimes including only non-Indian, longstanding precedents of the courts hold that state courts have exclusive jurisdiction despite terms of [18 U.S.C] 1152.

Holding that a federal district court lacked jurisdiction over a criminal prosecution of a non-indian defendant who [298 Mich App 175] was charge of murder of a non-indian on an indian reservation and the defendant should be delivered to state authorities for prosecution. 826 N.W 2d 180.

In United States v. Antelope, 430 U.S. 641 N.2. 875 C.T. 1395, S.l. Led. 2d 701 (A77)

Pg 2

The United States Supreme courts explained that (n)ot all crimes committed within Indian country are subject to Federal or tribal jurisdiction... a non Indian charged with committing crimes against other non Indian in Indian country is subject to prosecution under state laws. Citing cases such as Duro, Antelope, Solem, Martin, Williams, McBratney, and Draper courts from numerous jurisdictions across the country have held that state courts have jurisdiction with respect to criminal prosecutors in cases involving non-indian defendants who committed offenses described a "victimless" on Indian lands.

See, e.g. United States V. Langford, 641 F.3d 1195-1197-1198 [C.A. 10, 2011] (stating that there is clearlyly no Federal Jurisdiction for a victimless crimes committed in Indian reservation [298 mich App 176] country by a non Indian because the state passes exclusive criminal jurisdiction over such crimes ?: State V. Harrison, 148 N.M. 500 805-506, 238 P. 3d 869 (2010): People V. Ramirez 148 Cal. App 4th 1464-1474 n.9, 56 Cal Rptr, 3d 631 (2007):

Pg 3

State v. Sebastin, 243 Conn. 115, 130 n.24, 701 A.2d 13 (1997); State v. Vandermay, 478 N.W. 2d 289, 290-291 (S.D., 1991); State v. Snyder, 119 Idaho 376, 377-379, 807 P.2d 55 (1991); State v. Burrola, 137 Ariz 181, 182, 669 P.2d 614 (App 1983).

See also Williams v. United States, 327 U.S. 711, 714. 66 S CT 778, 90 L.E.D. 962 (1944). noting that state courts have jurisdiction over offenses committed on (A) reservation between person who are not Indian" while federal courts would have jurisdiction where a defendant is not an Indian but commit an offense against an Indian.

Bearing more specifically on the issue presented here, in Solem v. Bartlett, 465 US. 463, 465 in 2. 104 S.CT 161, 791, Ed.2d 443 (1984). The United States Supreme Courts noted that with respect to state criminal jurisdiction is limited to crimes by non-Indian against non-Indian and victimless crimes by non-Indian.

[826 N.W. 2d 180]

We note that aside from 18 U.S.C § 1152 which we discussed earlier in this opinion

Pg 4

there are various federal statutes addressing territorial jurisdiction relative to indians and indian country, however under the circumstances of the charges in this case, those statutes are simply not implicated.

See 18 U.S.C § 1153 (referred to as the Indian major crimes Act. Duro, 495 U.S. at 696, 110 S. CT. 2053) the statute gives federal courts exclusive jurisdiction over enumerated serious offenses committed by indians within Indian country against another indian or other person); 18 U.S.C § 1162 (providing certain indentified States, excluding Michigan, with jurisdiction over offenses committed by or against indians in the areas of indian country?; 25 U.S.C §1321 (The consent of the United States is hereby given to any States not having jurisdiction over criminal offenses committed by or against indians in the areas of indians country situated within such state to assume; with the consent of the indian tribal...7.

Finally, we acknowledge that the compact between the tribe and the

Pg 5

state provides, "This facility is not regulated by the state of Michigan." The charges filed against defendants, however, concern criminal drugs offense under a state statue, [298 Mich. App 177 MCL 333.7401, that's not regulatory in nature. See California v. Cabazon Band of Mission Indians 480 U.S. 202, 209-212 107 S. Ct 1083, 94 L.E.D. 2d 244 (1987) distinguishing between state criminal statutes.

[826 N.W 2d 181]
and state regulatory statutes) while a tribal state compact may include provisions applying to state criminal laws and allocating criminal jurisdiction between the state and Indian tribe as to the enforcement of such laws, the laws must directly relate to, and be necessary for, the licensing and regulation of gaming activities. 25 U.S.C § 2710 (d)(3)(C)(I) and (i) The laws at issue here are general drug laws and there are no provisions in the compact suggesting that the parties allocated

Pg 6

jurisdiction to the tribe in regard to State drug offenses committed in the casino.

In light of the binding precedent from the United States Supreme Court and the persuasive precedent issued by numerous state and lower federal courts, we hold that state courts have jurisdiction over the charges brought against defendants in Menominee County and that in general state courts in Michigan have jurisdiction over a criminal prosecution in which a defendant is a non-Indian, the offense is committed on Indian lands or in Indian country and the offense is either victimless or the victim is not an Indian.

Where As, for the reasons stated an cases sited, Robert D. Blaine, prays for an order granting dismissed charges.

Respectfully Submitted
Robert D. Blaine
*Robert D. Blaine*
March 13, 2024

Pg 7

Certificate of Service

I, Robert D. Blaine, hereby certify this is a true and correct copy of foregoing filed by U.S. Postal Mail to the District Court.

Robert D. Blaine
*Robert D. Blaine*
March 13, 2024

*Amanda Lovell* | Notary
Expires: April 17, 2027

Robert D. Blaine
McCracken County Jail
400 S Clarence Gaine St
Paducah KY 42001

UNCENSORED JAIL MAIL
McCRACKEN COUNTY
REGIONAL JAIL

EVANSVILLE IN 476
15 MAR 2024 PM 2

FILED
JAMES J. VILT, JR. - CLERK
MAR 18 2024
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

James J. Vilt JR
Clerk U.S. District Court
127 Federal Building
501 Broadway
Paducah, Ky 42001