UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                             No. 5:22-cr-28

**ROBERT BLAINE**

\*\*\*\*\*

## JURY INSTRUCTIONS

Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. First, we will discuss your duties and the general rules that apply in every federal criminal case. Second, I will explain the legal elements, or issues, that you must address to decide whether to convict the Defendant for the offenses he is accused of committing. Then I will pause, and you will hear the lawyers give their closing arguments—but remember that those do not bind you like my instructions do. Third, and finally, I will talk to you about how you jurors, as a group, will deliberate and decide this case.

I.   **DUTIES OF THE JURY**

You have two main duties as a juror. The first is to decide what the facts are. You must make this decision based on the evidence that you saw and heard here in the courtroom. It is your job—not mine—to decide what the facts are. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to apply the law, as I explain it, to those facts that you found and decide whether the Government has proved the Defendant guilty beyond a reasonable doubt. My job is to instruct you about the law. You are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What the judge says about the law controls.

Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The parties, the lawyers, and I expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict—regardless of the consequences.

1

You are to consider only the evidence in the case. Unless I instruct you otherwise, the evidence in this case consists of the sworn testimony of the witnesses (regardless of who called them), all exhibits received in evidence (regardless of who introduced them), and all facts and events that may have been admitted or stipulated to.

Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence, like the testimony of an eyewitness, which (if you believe it) would directly prove a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply evidence that tends to prove a fact indirectly. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining. Your job is to decide how much weight to give the direct and circumstantial evidence.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Opinion Testimony

You heard some testimony that came in the form of a witness's opinion. You do not necessarily have to accept the opinion of a witness. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached that conclusion. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## Unindicted, Unnamed, or Separately Tried Co-Conspirators

Some of the people, or "co-conspirators," who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names

are not known—so long as the Government can prove that the defendant conspired with one or more of them. Whether those persons are named or not does not matter.

### Transcriptions of Recording

You have heard a recorded conversation that was received in evidence, and you also saw a written transcript of that recording.

Keep in mind that the transcript is not evidence. It was given to you only as a guide to help you follow what was being said. The recording itself is the evidence. If you noticed any differences between what you heard on the recordings and what you saw in the transcript, you must rely on what you heard—not what you read. And if you could not hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

### Presumption of Innocence, Burden of Proof, and Reasonable Doubt

The Defendant has pled not guilty to the crimes charged in the indictment. An indictment is not evidence; it is just the formal way that the Government tells a Defendant what crime he is accused of committing.

The law presumes that all Defendants are innocent. This Defendant, like all defendants, starts trial with a clean slate, and without any evidence at all against him. It is not up to him to prove that he is innocent; it is up to the Government to present evidence that overcomes this presumption. This burden stays on the Government from start to finish. This means that the Defendant has no obligation to present any evidence at all.

The Government has the burden of proving its case against the Defendant "beyond a reasonable doubt." A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, from the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, but doubts based purely on speculation are not reasonable. Proof beyond a reasonable doubt means proof that is so convincing you wouldn't hesitate to rely and act on it in making the most important decisions in your own lives.

For you to find the Defendant guilty, you must decide that the Government has proved each element of a charged offense beyond a reasonable doubt. If you are convinced of this, then return a guilty verdict. If you are not convinced the Government has proved each element beyond a reasonable doubt, then return a not guilty verdict for that offense.

### Other Acts of the Defendant

You have heard testimony that the Defendant committed acts other than the ones charged in the indictment. Remember that the Defendant is on trial here only for the eight counts charged in the indictment, not for anything else. Do not return a guilty verdict unless the Government proves the crimes charged in the indictment beyond a

3

reasonable doubt.

### Objections

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have every right to object if they think that something is harmful and not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. Please do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

## II.    RULES OF LAW

The Defendant is on trial only for the particular crimes charged in the indictment. Your job is limited to deciding whether the Government has proved the crimes charged.

The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

### Conspiracy to Distribute a Controlled Substance

Count 1 of the Fourth Superseding Indictment charges the Defendant with conspiring with Roderick Tutt, Jessica Ochoa, and others to possess with the intent to distribute methamphetamine or a mixture and substance containing a detectable amount of fentanyl. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the Defendant guilty of the conspiracy charge, the Government must prove each and every one of the following elements beyond a reasonable doubt:

(1) First, that on or around a date between May 20, 2020, and January 22, 2022, in the Western District of Kentucky and elsewhere, two or more persons conspired, or agreed, to possess with the intent to distribute methamphetamine or a mixture and substance containing a detectable amount of fentanyl.

(2) Second, that the Defendant knowingly and voluntarily joined the conspiracy.

Now I will give you more detailed instructions on some of these elements.

4

**First**, regarding a criminal agreement, the Government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with the intent to distribute methamphetamine or a mixture and substance containing a detectable amount of fentanyl.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. Nor is a single transaction between a buyer and a seller sufficient to establish the existence of a conspiracy. These are things that you may consider in deciding whether the Government has proved an agreement. But without more they are not enough.

What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with the intent to distribute methamphetamine or a mixture and substance containing a detectable amount of fentanyl. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

One more point about the agreement. The indictment accuses the Defendant of conspiring to commit several drug crimes. The Government does not have to prove that the Defendant agreed to commit all these crimes. But the Government must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge.

**Second**, regarding the Defendant's connection to the conspiracy, the Government must prove that the Defendant knowingly and voluntarily joined that agreement.

To do that, the Government must prove that the Defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

This does not require proof that the Defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the Defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

Further, this does not require proof that the defendant knew the drugs involved were fentanyl or methamphetamine. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much fentanyl and methamphetamine was involved. It is enough that the Defendant knew that some quantity was involved.

I want to explain something about proving the Defendant's state of mind.

5

Ordinarily, there is no way that a Defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.

But a Defendant's state of mind can be proved indirectly from surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.

You may also consider the natural and probable results of any acts that the Defendant knowingly did, and whether it is reasonable to conclude that the Defendant intended those results.

All of this is for you to decide. If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on the corresponding charges. If you have a reasonable doubt about any one of these elements, however, then you must find the Defendant not guilty of that charge.

Now let's discuss how you will determine the amount of methamphetamine or fentanyl the Defendant possessed if you find him guilty on Count 1.

That Count charges him with conspiring to possess methamphetamine or a mixture and substance containing a detectable amount of fentanyl with the intent to distribute it. If and only if you find the Defendant guilty of this charge, you will then need to answer two additional questions: how much methamphetamine was involved in the offense, and how much fentanyl was involved in the offense.

First, consider the amount of methamphetamine involved. If you find by unanimous agreement that the Government has proved beyond a reasonable doubt that the offense involved a quantity of at least 50 grams of methamphetamine that was attributable to the Defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate this finding by checking that line on the verdict form.

If you do not so find, you will then be asked to determine whether the Government has proved a lesser quantity. If you unanimously find that the Government has proved beyond a reasonable doubt that the offense involved some quantity less than 5 grams, or between 5 and 50 grams, of methamphetamine that was attributable to the Defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate this finding by checking that line on the verdict form.

Second, consider the amount of fentanyl involved. If you find by unanimous agreement that the Government has proved beyond a reasonable doubt that the offense involved a quantity of at least 400 grams of a mixture and substance containing a detectable amount of fentanyl that was attributable to the Defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate this finding by checking that line on the verdict

6

form.

If you do not so find, you will then be asked to determine whether the Government has proved a lesser quantity. If you unanimously find that the Government has proved beyond a reasonable doubt that the offense involved some quantity less than 40 grams, or between 40 and 400 grams, of a mixture and substance containing a detectable amount of fentanyl that was attributable to the Defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate this finding by checking that line on the verdict form.

In determining the quantity of the controlled substance involved in the offense, you need not find that the Defendant himself knew that was the amount involved. All of this is for you to decide.

## Money Laundering

Counts 2–8 of the indictment accuse the Defendant of conducting a financial transaction in violation of federal law, on or about the following dates:

| Count | Date |
| --- | --- |
| 2 | 11/10/2020 |
| 3 | 11/15/2020 |
| 4 | 12/11/2020 |
| 5 | 12/16/2020 |
| 6 | 1/6/2021 |
| 7 | 1/27/2021 |
| 8 | 6/3/2021 |

For you to find the Defendant guilty of this crime, you must find that the Government has proved each of the following elements beyond a reasonable doubt:

(1) The Defendant conducted a financial transaction.

(2) The financial transaction involved property that represented the proceeds of conspiring to possess with the intent to distribute controlled substances.

(3) The Defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

(4) The Defendant had the intent to promote the carrying on of conspiracy to possess with the intent to distribute controlled substances.

Now I will give you more detailed instructions on some of these elements.

First, let's discuss the term "financial transaction." That term refers to (A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

The word "proceeds" means any property derived from, obtained, or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the Defendant knew the property involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law. The Government does not have to prove the Defendant knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of unlawful activity.

Considering each count separately, if you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

Now you'll hear closing arguments from the lawyers. Remember that closing arguments are not evidence, and—unlike my instructions—they do not bind you.

### III. JURY DELIBERATIONS

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will serve as your spokesperson here in the courtroom.

Please take these instructions to the jury room. When you have reached a unanimous agreement, the foreperson should complete the attached verdict form in accordance with the jury's verdict, write the date, and sign the verdict form on behalf of the jury. You will then tell the officer and return with your verdict to the courtroom.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of the evidence presented at trial. But you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any

greater weight than memory. And a juror's memory unaided by notes may be just as worthy of consideration as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury—not with the security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an agreement if you possibly can do so—at least without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict. All twelve of you must unanimously agree on the verdict.

If you decide that the Defendant is guilty, then it will be my job to decide what the appropriate punishment should be. You may not consider punishment in reaching your verdict—only whether the Government has met its burden of proof.