UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:22-CR-28-BJB

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

ROBERT BLAINE                                                                                       DEFENDANT

**OBJECTIONS OF DEFENDANT ROBERT BLAINE TO U. S. PROBATION OFFICE'S MARCH 31, 2025 PRESENTENCE INVESTIGATION REPORT**

Defendant, Robert Blaine, by counsel, for his Objections to the March 31, 2025 Presentence Investigation Report, states as follows.

1. Defendant acknowledges that his identifying data appears to be correct. Defendant acknowledges that Paragraphs 1, 2, 3, 4, 5 and 6 accurately set forth Defendant's charges and convictions.

2. Defendant objects to Paragraphs 7, 8 and 9 because these paragraphs mischaracterize the Defendant's character. In addition, Defendant objects to Paragraphs 7, 8 and 9 insofar as any of these Paragraphs address or mention any criminal activity for which evidence was not presented at trial.

3. Defendant objects to Paragraph 7 and states that it incorrectly describes the "manner and means" that the United States was used to accomplish the objectives of the conspiracy. Defendant Blaine objects to the probation officer's conclusion that Jessica Ochoa was a source of supply of narcotics for Robert Blaine. Defendant Blaine denies he initiated "numerous payments to Jessica Ochoa". Robert Blaine denies directing others to initiate payments to Jessica Ochoa. Defendant Blaine also objects to the list of payments contained in Paragraph 7 with the exception of the

$36,900.00 payment made on June 3, 2021. Defendant Blaine further acknowledges three payments in the sum of $1,500.00 each. Defendant Blaine denies the alleged payments of $6,000.00 on November 10, 2020, October 21, 2021, November 1, 2021, November 29, 2021 and January 1, 2022. Defendant Blaine objects to any mention of any drugs for which there was not sufficient evidence at trial to prove the existence of said drugs beyond a reasonable doubt.

4. Defendant Blaine objects to Paragraph 11 of the U. S. Probation Office's Presentence Investigation Report. Specifically, Defendant Blaine objects to the wire transfers in the sum of $2,500.00 listed in Cout 2, 3, 4, 5, 6 and 7. Defendant Blaine objects to the Probation Officer's conclusion that Robert Blaine and Jessica Ochoa aided and abetted one another to conduct financial transactions affecting interstate commerce. Defendant Blaine objects to any conclusion that this Court has subject matter jurisdiction or personal jurisdiction over him.

5. Defendant Blaine objects to Paragraph 16 of the Presentence Investigation Report (PSI). Specifically, Defendant Blaine objects to the allegation that law enforcement began to receive information from reliable Confidential Sources (CS) and through anonymous tips that Defendant Blaine was a significant source for and trafficker of large amounts of methamphetamine from his residence located at 220 Catalpa Drive in Hopkinsville, Kentucky. Defendant Blaine objects to this portion of the PSI because it would be improper for the Court to consider this information given it is not reliable and given there was insufficient proof of these allegations at trial. Defendant Blaine further objects to paragraph 16 insofar as it alleges that Defendant Blaine and/or his co-conspirators were "known" to be significant suppliers of heroin,

cocaine, marijuana and fentanyl. Defendant Blaine denies having a Drug Trafficking Organization (DTO).

6. Defendant Blaine objects to Paragraph 18 of the PSI insofar as it alleges that Roderick Tutt (R.T.) and "several other unindicted individuals" as prominent and high ranking members of the Robert Blaine DTO. Defendant Blaine objects to this portion of the PSI because the Court should not consider such unreliable and highly prejudicial information. There was no evidence at trial of R. T. being a high ranking member of any drug trafficking organization. Defendant Blaine objects to Paragraph 18 insofar as it alleges that Defendant Blaine had a Drug Trafficking Organization or had any type of organization that committed violent acts, such as armed robbery and assault. Defendant Blaine objects to this Paragraph because the Court should not base Defendant Blaine's sentencing on speculation made by the U. S. Probation Office as to violent acts. There is no legitimate evidence Defendant Blaine had a Drug Trafficking Organization that participated in assaults, robberies, or any other violent acts for any reason. Defendant Blaine was never charged with any of these alleged acts of violence. There was no evidence presented at trial of any assaults, robberies or other violent acts committed by Blaine or anyone else in furtherance of a Drug Trafficking Organization or Enterprise.

7. Defendant Blaine objects to Paragraph 19 of the Presentence Investigation Report. The Court should not consider allegations made by law enforcement or the U. S. Probation Officer for which there is no legitimate proof. There is no proof that in 2020 Hopkinsville Police Department (HPD) utilized a Confidential Source (CS) to purchase crystal methamphetamine from an uninvited co-conspirator of Defendant Blaine's in Hopkinsville, Kentucky. To the best of Defendant Blaine's knowledge

and counsel for Defendant Blaine's knowledge, there was no evidence presented at trial of this alleged controlled buy in 2020 where Defendant Blaine is alleged to have been in the co-conspirator's residence. Defendant Blaine objects to the Probation Officer's mention of law enforcement's belief that Robert Blaine was the source of supply for elicit narcotics for this particular unnamed and unindicted co-conspirator.

8. Defendant Blaine objects to Paragraph 19 of the PSI because this Paragraph contains allegations unsupported by any evidence presented at trial. Defendant Blaine objects to this Paragraph because the Court should not consider information about unidentified and unindicted co-conspirators. The allegation that law enforcement had reason to believe that Robert Blaine was Roderick Tutt's and the unindicted co-conspirator's source of supply for illicit narcotics is unsupported by any evidence and, as such, should not be considered by the Court.

9. Defendant Blaine objects to Paragraph 20 of the Presentence Investigation report. Defendant Blaine objects to Paragraph 20 because it contains information that is unreliable in regard to packages allegedly sent from California and Arizona to Hopkinsville, Kentucky and Nashville, Tennessee. Defendant Blaine specifically objects to the Court considering the information put in this Paragraph by the U. S. Probation Office. Specifically, Defendant Blaine objects to the statement that law enforcement "suspected" that Robert Blaine was the intended recipient of these narcotic shipments. Suspicion is an insufficient basis for the Court to consider this information.

10. Defendant Blaine objects to Paragraph 23 of the PSI and specifically to the allegation that the Arizona officer had probable cause to search the vehicle of R. T. In addition,

    Defendant Blaine objects to this Paragraph because the Court should not consider any events that occurred in Arizona.

11. Defendant Blaine objects to Paragraph 25 of the PSI. Defendant Blaine states that the camera was installed unlawfully and without sufficient probable cause and that any information obtained from this pole camera should not be considered by the Court.

12. Defendant Blaine objects to Paragraph 26 of the PSI because it contains allegations unsupported by any evidence known to the Court, the United States or Defendant. Defendant Blaine specifically objects to the allegation that the United States Postal Inspector had identified two locations as "possible addresses" that The Robert Blaine DTO was utilizing to receive drugs. Defendant Blaine objects to any findings by the U. S. Probation Office that he had a DTO and objects to the Court considering this information because it is unreliable.

13. Defendant Blaine objects to Paragraph 28 of the PSI insofar as it alleges that Defendant Blaine had a DTO or that Defendant Blaine wired large amounts of money to Jessica Ochoa (J. O.). Defendant Blaine objects to the Court considering the November 10 and 11, 2020 wire transfers of $2,500.00, the December 11 and December 16, 2020 $2,500.00 transfers and the January 6 and January 27, 2021 $2,500.00 wire transfers.

14. Defendant Blaine objects to Paragraph 32 of the PSI insofar as it alleges that Defendant Blaine should be held responsible for 7,609 grams of actual methamphetamine for guideline calculation purposes. The calculation performed by the U. S. Probation Office to come up with the figure of 7,609 grams of actual methamphetamine is not reliable and as such should not be considered by this Court. Defendant Blaine denies that he should be held responsible for 7,609 grams of actual

methamphetamine or any amount of methamphetamine given he was never in possession of any methamphetamine nor did he distribute methamphetamine or conspire to distribute it.

15. Defendant Blaine objects to Paragraph 33 of the PSI because the forensic examination allegedly conducted on 2,059 tablets was not actually conducted on 2,059 tablets. It is respectfully submitted that law enforcement did not test every pill – tablet allegedly seized from R. T.'s vehicle on January 21, 2022. Defendant Blaine denies that these tablets were provided to R. T. by J. O. Defendant Blaine denies that these tablets contain fentanyl or any other illegal substance. Defendant makes these denials because there was insufficient evidence presented at trial to support the calculations of weight in this Paragraph. As such, Defendant Blaine objects to the entirety of Paragraph 33 of the PSI.

16. Defendant Blaine objects to Paragraph 35 of the PSI. Defendant Blaine objects to Paragraph 35 insofar as it makes mention of any statements made by Defendant Blaine when he was interrogated by law enforcement prior to his arrest in this case. Defendant Blaine objects to the Court considering this information because this information is unreliable. Defendant Blaine alleges that he was highly intoxicated on drugs when he was questioned by police and that he made statements that were untrue. The Court should not consider this unreliable information. Defendant Blaine specifically objects to the U. S. Probation Office's suggestion that the Court should hold Defendant Blaine responsible for an additional 5,000 fentanyl pills and an additional 113.39 grams of cocaine for guideline calculation purposes. In addition, the U. S. Probation Office's or law enforcement's calculation of the net grams of

actual fentanyl is unreliable. As such, the Court should not consider the weights set forth in Paragraph 35.

17. Defendant Blaine objects to Paragraph 40 of the PSI. Defendant Blaine objects to the grouping of Counts 1 through 8 for guideline calculation purposes. Defendant Blaine has previously objected to the total amount of drugs that the U. S. Probation office associates with Defendant Blaine.

18. Defendant Blaine objects to Paragraph 41 of the PSI which is the base offense level. Specifically, Defendant Blaine states that the base offense level of 38 is greater than it should be. Defendant Blaine objects to the drug quantity of methamphetamine in the sum of 7,609 grams. Defendant Blaine objects to the drug quantity of fentanyl in the sum of 749.31 grams. Defendant Blaine objects to the U. S. Probation Office's second drug quantity finding for methamphetamine in the sum of 615 grams. Defendant Blaine objects to the U. S. Probation Office's drug quantity for cocaine in the sum of 113.39 grams. Defendant Blaine objects to the grouping of all of these different drugs. Defendant Blaine objects to the total converted drug weight set forth in Paragraph 41 of the PSI. This drug weight is in the sum of 155,305.95 kilograms. Defendant Blaine objects to the converted drug weight factor being utilized at all as it is unfair and results in the unfair sentencing of defendants. Defendant denies that there are 90,000 kilograms or more of converted drug weight and as such, pursuant to section 2D1.1 (c)(1) the base offense level would not be a 38. In order to get to the converted drug weight that the U. S. Probation Officer says is correct in this case, the Court would have to consider information which was not presented at the trial of this action. This information is inherently unreliable because it has not had an opportunity to be challenged by the Defendant, counsel or any person or entity

independent from the U. S. Attorney's Office and/or affiliate agencies such as the U. S. Probation Office. Defendant Blaine should not be held responsible for drug quantities for which there is no evidence. Defendant Blaine respectfully submits to the Court that he was high when he spoke to the police during the interrogation and made outlandish statements about activities he never participated in. In fact, it appears that Defendant Blaine was actually incarcerated when he told the police, during interrogation, that he was receiving and/or distributing drugs. The Defendant respectfully submits that the Court should not consider any drug quantities which were not proven at trial. If the Court does not consider drug quantities outside the drug quantities proven at trial, the drug quantity for fentanyl, methamphetamine and cocaine would be substantially below 90,000 kilograms.

19. Defendant Blaine specifically objects to the U. S. Probation Office's recommendation of an adjustment of +4 for "role in the offense". For the purposes of these Objections to the Presentence Investigation Report, Defendant Blaine respectfully submits that he was not an organizer or leader of any criminal activity and at most, he was a participant on the same level as Defendant Jessica Ochoa and Defendant Roderick Tutt. An increase of 4 points is substantial and should not be done unless there is clear evidence supporting such a determination. At the trial of this action, there was much evidence about the Defendant participating in drug possession and distribution activities. None of that proved even by preponderance of the evidence that Defendant Blaine was a leader or organizer. United States put on exhaustive evidence to prove that the Defendant was a drug dealer and no evidence of Defendant being the actual leader. There was no Drug Trafficking Organization and the activities of the Defendants certainly do not appear to be very organized. Objectively, it would be

appropriate for this Court to find that there will be no adjustment for role in the offense. It would be within the sound discretion of this Court to not increase Defendant Blaine's points by 4 levels for him allegedly being an organizer or leader given the absence of any substantive proof on the matter. USSG§3B1.1(a) provides in pertinent part that the Court should consider the Defendant's conduct within the scope of Section 1B1.3 (relevant conduct) and specifically the conduct in 1B1.3(a)(1) through (4) and not solely on the basis of acts cited in the count of conviction. While this is certainly true, the Court should not base the sentencing decision on relevant conduct which has not been proven beyond a reasonable doubt. A mere suggestion, assumption or erroneous conclusion or belief by a law enforcement agent would be an insufficient basis for the Court to base a finding of relevant conduct. It is respectfully requested that the Court consider all relevant conduct and find and conclude that the government has presented the insufficient evidence to show that Defendant Blaine was an organizer or leader as contemplated in Section 3B1.1-A aggravating role.

20. Defendant Blaine objects to Paragraph 63 of the Presentence Investigation Report insofar as the U. S. Probation Office is recommending to the Court that it consider the conduct of Defendant Blaine in 1998 when he was only 19 years old. Specifically, Defendant Blaine objects to the Court considering any criminal conduct or convictions which occurred more than 10 years prior to the alleged offense dates in this action. Defendant Blaine further objects to the accuracy of the history of this case set forth in Paragraph 63.

21. Defendant Blaine objects to Paragraph 70 of the PSI. This offense occurred 20 years ago and the conviction was 18 years ago. This conviction is too remote in time to be fairly considered by the Court when determining Defendant's criminal history.

Defendant Blaine respectfully objects to the Court considering Paragraph 70 of the Presentence Investigation Report.

22. Defendant Blaine objects to Paragraph 71 of the Presentence Investigation Report given this offense occurred approximately 18 years ago and the conviction occurred approximately 16 years ago. This Court should not consider any conviction more than 10 years old when determining Defendant's criminal history.

23. Defendant Blaine objects to Paragraph 73 of the Presentence Investigation Report. This criminal conduct occurred approximately 19 years ago and a conviction was entered approximately 18 years ago. Defendant respectfully requests the Court to not consider this criminal conduct.

24. Defendant Blaine objects to Paragraph 78 of the PSI. Not all of the Defendant's criminal convictions set forth in the PSI should be considered by the Court. Specifically, Defendant respectfully submits that the Court should not consider any convictions more than 10 years old. In addition, Defendant respectfully submits that a criminal history score of 21 substantially overstates the seriousness of Defendant's criminal history.

25. Defendant Blaine objects to Paragraph 79 of the PSI. Defendant respectfully submits that the Court should not add one additional point even if Defendant was under a criminal justice sentence when he committed the offenses alleged in this action.

26. Defendant Blaine objects to Paragraph 80 of the Presentence Investigation Report. Given Defendant objects to the U. S. Probation Office's criminal history calculation of a criminal history in the sum of 22, Defendant Blaine objects to Paragraph 80 insofar as it indicates that Defendant Blaine should have a criminal history category

of 6: VI. Defendant respectfully submits that he should have a criminal history category of no more than 4, IV.

27. Defendant Blaine objects to Paragraph 81 of the Presentence Investigation Report and respectfully submits that the Court should not consider his 2002 conviction for PFO 2nd in the Christian Circuit Court because it is too remote in time. More importantly, the Court should not consider it because the case was dismissed on June 20, 2023, apparently because of insufficient evidence. Defendant objects to Paragraphs 83, 84, 85 and 86. Paragraph 83 provides information in regard to the Defendant's juvenile criminal history. Defendant objects to the Court considering his 2001 convictions referenced in Paragraph 84 and 85 because they are too remote in time. Defendant objects to the Court considering any charge that was dismissed, including Defendant's charges in 1994 when he was about 15 years old.

28. Defendant Blaine objects to Paragraph 111. Defendant respectfully submits that his conduct and the convictions do not warrant a conclusion by this Court that the minimum term of imprisonment is 25 years.

29. Defendant Blaine objects to Paragraph 112 of the PSI. The guideline provisions do not warrant a sentence of imprisonment for life. Defendant respectfully submits that his total offense level should not be a 43. Defendant submits that his total offense level should be a 29 and that he should have a criminal history category of 4, IV. This would provide a sentencing guideline range of 121 months to 151 months. Based upon all factors to be considered by the Court, a sentence within the range of 121 months to 151 months would be sufficient but not more than necessary to adequately punish the Defendant and to deter such conduct in the future.

30. Defendant Blaine objects to Paragraph 129 of the PSI. There are multiple factors that may warrant a downward departure in this case. They include, but are not limited to, Defendant's terrible childhood, substance abuse and mental health issues.

WHEREFORE, Defendant Blaine respectfully requests this Court to sentence him to a term of imprisonment of 131 months.

This the 18th day of April, 2025.

/s/ John David Cole, Jr.
John David Cole, Jr.
COLE LONEY, PLLC
1705 Ashley Circle
Bowling Green, KY 42104
Email: dcole@coleloney.com
Telephone: (270) 843-9212
Fax: (270) 202-6212

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify all Counsel of record.

/s/ John David Cole, Jr.