UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:22-CR-28-BJB

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

ROBERT BLAINE                                                                                      DEFENDANT

## **DEFENDANT ROBERT BLAINE'S SENTENCING MEMORANDUM**

Defendant, Robert Blaine, by counsel, and for his Sentencing Memorandum, states as follows.

1. Defendant Blaine filed his objections to the Presentence Investigation Report on April 18, 2025.

2. Defendant Blaine's case went to trial and the jury returned a verdict finding Defendant Blaine guilty on all counts. Defendant Blaine has specifically requested the undersigned to contest the jury's findings in this Sentencing Memorandum and to request the Court to not consider the testimony of witnesses at trial "because it is hearsay". Insofar as the Court has the discretion to do so, Defendant Blaine requests the Court to disregard the findings of fact by the jury. Specifically, Defendant Blaine alleges that the jury made clearly erroneous findings of fact based upon insufficient and/or improperly admitted evidence. While the undersigned certainly makes no criticism of the Court and makes certain arguments with reservation, the undersigned believes he probably has a duty to make the specific objections requested by Defendant Blaine if reasonably possible.

3. In regard to the jury making findings of fact based upon the testimony of Defendant Blaine's Co-Defendants in this alleged conspiracy, Roderick Tutt and Jessica Ocho, Defendant Blaine alleges this Court should conclude that their testimony should not have been relied upon by the jury and should not be relied upon by the Court because they had a plea agreement with the United States which provide them with an opportunity to obtain a lower sentence if they provided substantial assistance to the United States by testifying against Defendant Blaine. The undersigned does not have any legal authority to support this demand, but respectfully makes it on behalf of Defendant Blaine.

4. Defendant Blaine requests the Court to find that the testimony of Roderick Tutt was unreliable and should have never been considered by the jury because Roderick Tutt allegedly told the jury that he was expecting to serve 60 months and because allegedly Roderick Tutt ultimately received a sentence of approximately one year. While the undersigned does not have any specific legal authority to support this request and argument, it is respectfully submitted that this Court always has the discretion to give greater or lesser consideration to certain information at a final sentencing. If the Court concludes, as Defendant Blaine has, that the testimony of Roderick Tutt and the testimony of Jessica Ochoa is inherently unreliable because they each allegedly received low sentences as a result of testifying against Defendant Blaine and because Defendant Tutt allegedly lied to the jury about how much time he expected to receive, the undersigned requests the Court to conclude that the testimony of Defendant Tutt and Defendant Ochoa was so inherently unreliable that it will not be considered by the Court. If the Court were to conclude that this testimony was

completely unreliable, Defendant Blaine respectfully submits that it would be appropriate for this Court to grant him a new trial and release him on bail.

5. Although it appears that U. S. Probation Officer Rebecca A. Spade in her April 23, 2025 Addendum to the Presentence Report indicates that the United States Probation Office never relies upon mere speculation and that the statement of facts provided in the PSR is based upon information derived from police reports, affidavits and surveillance, Defendant Blaine still contends that this Court should not consider any statements of fact made by the U. S. Probation Office in the PSR or the Addendum to the PSR which were not proven at trial.  Defendant Blaine alleges that in the absence of their being competent evidence presented at trial, this information is not reliable enough for the Court to prudently rely upon it.  In addition, Defendant Blaine specifically objects to the mention of other alleged wrongs or crimes in the PSR unless he was actually charged and convicted for those crimes.  The undersigned respectfully submits that this Court always has the discretion to disallow unreliable information.

6. Defendant Blaine reiterates his objections to Paragraphs 63, 70, 71, 73, 78, 79 and 80.

7. In regard to Defendant's criminal history, Defendant Blaine maintains his respectful demand for the Court to not consider the specific language set forth in USSG §4A1.1(a)-Application Note 1.  While §4A1.1(a) states that a sentence imposed more than 15 yeas prior to the Defendant's commencement of the instant offense is not counted, it does not indicate a look back period of ten years.  Defendant requests the court to impose its own standard of ten years and for the Court not to consider any conviction more than ten years old.  While the undersigned does not have any specific authority to support this request, the undersigned respectfully submits this Court has

the discretion to ultimately calculate the Defendant's sentence in such a way as to avoid considering criminal acts that are too remote in time. Counsel for Defendant respectfully requests the Court to consider Defendant Blaine's entire life history and to find and conclude that a Criminal History Category of VI greatly overstates the seriousness of Defendant Blaine's criminal history. If the Court makes this conclusion, it is with the sound discretion of the Court to lower Defendant Blaine's Criminal History Category from a VI to a V and perhaps even to a IV.

8. Defendant Blaine respectfully submits that §4A1.1(a) should be interpreted to provide that the Court should not consider any criminal convictions of Defendant Blaine that occurred when he was a juvenile.

9. Counsel for Defendant requests the Court to not increase Defendant Blaine's Criminal History Score pursuant to §4A1.1(d) even though the Court has the discretion to add two points if Defendant Blaine committed the instant offense while on probation or parole. While the Court certainly has this discretion, it is respectfully submitted by the undersigned that this Court has the discretion to not add an additional two points.

10. Counsel for Defendant, pursuant to §4A1.3(b) *Downward Departures*, respectfully requests the Court to find and conclude that there is reliable information indicating that Defendant Blaine's Criminal History Category substantially over represents the seriousness of the Defendant's criminal history or the likelihood that Defendant will commit other crimes. In this circumstance, a Downward Departure may be warranted. Counsel for Defendant respectfully submits that Defendant Blaine is not prohibited from receiving this Downward Departure of his Criminal History Category based upon any crimes of violence. It is respectfully submitted that this was in sound

discretion of this Court to do a Downward Departure for Defendant Blaine's criminal history and to find that Defendant's actual involvement in previous criminal activity is based upon the statement of others rather than direct evidence of his involvement and that Defendant's criminal history has often been exaggerated by others. It is requested that the Court find and conclude that the persons who provided information through testimony against Defendant were unreliable witnesses. These would be specific reasons why the Criminal History Category substantially overrepresents the seriousness of Defendant's criminal history.

11. Defendant Blaine requests this Court to find and adjudge that Defendant's Criminal History Category is a IV.

12. Defendant Blaine, by counsel, respectfully requests this Court to issue a sentence which is consistent with the sentence that Defendant would foreseeably have received had he resolved his case by way of a plea agreement. While one must certainly speculate as to the exact sentence Defendant Blaine would have resolved if he had resolved his case by agreement, it is highly probable that Defendant Blaine would have received a sentence below 20 years. If a 20 year sentence would be sufficient, but not more than necessary, to punish the Defendant and protect society with a plea agreement, then a 20 year sentence without a plea agreement is still sufficient to punish the Defendant and protect society.

13. If we reduce Defendant Blaine's Criminal History Category from a VI to a V and we reduce Defendant's Offense Level to a 33, Defendant Blaine would have a Guideline Range of 210 to 262 months. While Defendant Blaine individually respectfully requests the Court to sentence him to a term of no more than 120 months for the reasons previously stated in this memorandum and Defendant Blaine's objections to

the PSR, if the Court is unable to reach this conclusion, it is respectfully requested by the undersigned that the Court specifically find that Defendant Blaine has a Criminal History Category of V, an Offense Level of 33, and that his Guideline Range is 210 months to 262 months. Counsel for Defendant respectfully requests a sentence of 120 months for Defendant Blaine. In the event that 120 month sentence cannot be issued within the sound discretion of this Court, counsel for Defendant requests a sentence of 210 months.

This the 2nd day of May, 2025.

/s/ John David Cole, Jr.
John David Cole, Jr.
COLE LONEY, PLLC
1705 Ashley Circle
Bowling Green, KY 42104
Email: dcole@coleloney.com
Telephone: (270) 843-9212
Fax: (270) 282-7250

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify all Counsel of record.

/s/ John David Cole, Jr.